IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DADRAIN DANTWONE BANKS;                                                              PLAINTIFF

v.                                         Civil No. 6:20-cv-06134

SERGEANT MIKE McCORMICK;                                                            DEFENDANTS
LIEUTENANT SEVERNS; CORPORAL
TOSH; CORPORAL JONES; and JOHN
AND JANE DOES

**REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States Chief District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to comply with orders of the Court.

On December 7, 2020, the Court discovered that Plaintiff failed to sign his Complaint. The Court then entered an order directing Plaintiff to sign and date his Complaint and return it to the Court by December 21, 2020. (ECF No. 7). The order informed Plaintiff that the case would be subject to dismissal if he failed to timely comply with the order. *Id.* Plaintiff did not respond to the order and the order was not returned as undeliverable.

On December 28, 2020, the Court ordered Plaintiff to show cause by January 8, 2021, as to why he failed to comply with the Court's order. (ECF No. 12). On January 11, 2021, Plaintiff filed a Response to the show cause order stating in part, "…when I got the December 7, 2020 Court order to sign and complete complaint…which I did and then I handed my legal mail to Unit C Deputies…staff members have read over my legal mail this facilities also open my out mail to send to this Courts Judges often times…". (ECF No. 14).

1

The following day, the Court ordered the Clerk to return a copy of the Complaint and include a form signature page. (ECF No. 15). Plaintiff was again ordered to sign and file his Complaint with the Court by January 26, 2021. *Id.* The order informed Plaintiff that his case would be subject to dismissal if Plaintiff failed to return the dated and signed Complaint by the Court's deadline. *Id.* To date, Plaintiff has not returned the signed and dated Complaint to the Court and the order directing him to do so has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court recommends that this case be dismissed without prejudice.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 5th day of February 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE